IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD ANTHONY MANNO, #224-122,   *
    Petitioner
                                            *

v.                                                     CIVIL ACTION NO.   AMD-07-526
                                            *

ROBERT A. KOPPEL[1] and
THE ATTORNEY GENERAL OF THE   *
 STATE OF MARYLAND
    Respondents                      *
                                           ***

**MEMORANDUM**

On January 30, 2007, petitioner Ronald Anthony Manno filed this habeas corpus petition[2] seeking to vacate his February 20, 1992, convictions in the Circuit Court for Baltimore County for first-degree murder, use of a handgun in the commission of a crime of violence, use of a handgun in the commission of a felony, and common law assault.[3] The court is now in receipt of respondents' answer.[4] Paper No. 12. After due consideration of the pleadings and exhibits, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(d) & (e)(2). For the reasons that follow, the petition will be denied and dismissed as time-barred.

Petitioner appealed his convictions and sentences. On April 28, 1993, the Court of Special

---

[1] The Clerk shall amend the docket to reflect the substitution of Robert A. Koppel, Warden of the Maryland Correctional Institution at Jessup, as respondent.

[2] The petition, dated January 30, 2007, was received by the Clerk on March 2, 2007. For purposes of assessing the timeliness of the petition under 28 U.S.C. § 2244(d)(1)-(2), it will be treated as "received" on the signature date, January 30, 2007. *See Houston v. Lack*, 487 U.S. 266 (1988)*; United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998).

[3] On May 27, 1992, petitioner was sentenced to life imprisonment and a concurrent 20-year term of incarceration for the first handgun conviction, the first five of those years to be served without the possibility of parole. The remaining convictions were merged.  Paper No. 12, Exhibit 1 at 2.

[4] Although informed of the option, petitioner chose not to reply.  Paper Nos. 14, 16-19.

Appeals of Maryland affirmed. *Manno v. State*, 96 Md. App. 22 (1993). On October 28, 1993, the Court of Appeals of Maryland denied further review, and thereafter denied reconsideration of that decision in an order dated December 17, 1993. Paper No. 12, Exhibits 3 and 4. Petitioner did not seek *certiorari* review by the United States Supreme Court. His convictions became final on January 26, 1994, 90 days after the October 28, 2003, Court of Appeals decision, upon expiration of the time for filing a *certiorari* petition. *See* Sup. Ct. Rule 13.1; *see also Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001).

On April 22, 1997, petitioner initiated post-conviction proceedings in the Circuit Court for Baltimore County. Paper No. 12, Exhibit 1 at 7. On February 5, 1998, the petition was withdrawn without prejudice. *Id*. On April 20, 1999, a second post-conviction petition was filed. *Id*. It, too, was withdrawn without prejudice. *Id*., Exhibit 1 at 8. On March 19, 2004, a third post-conviction petition was filed. *Id*. The court denied relief on April 20, 2004. *Id*. On November 29, 2004, the Court of Special Appeals granted petitioner's application for leave to appeal the denial of post-conviction relief and remanded the petition to the Circuit Court for further consideration. *Id*., Exhibit 1 at 9. The circuit court denied post-conviction relief after the remand on September 13, 2005. *Id*., Exhibit 1 at 10. On February 8, 2006, petitioner's application for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals. *Id*., Exhibit 4.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, modified the scope and context of federal habeas corpus review of challenges to state court convictions. Among the changes was the addition of a one-year statute of limitations in non-capital cases for persons convicted in a state court. *See* 28 U.S.C. §2244(d). The one-year period is tolled while properly filed post- conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §

2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 329-30 (4th Cir. 2000). Because his conviction became final prior to passage of the AEDPA, the limitations period set forth in 28 U.S.C. § 2244(d) began to run in petitioner's case on April 24, 1996, and expired April 24, 1997. *See Brown v. Angelone*, 150 F.3d 370, 371-76 (4th Cir. 1998); *Hernandez v. Caldwell*, 255 F.3d 435, 438-39 (4th Cir. 2002). Petitioner initiated state post-conviction proceedings on April 22, 1997, two days before the limitations period expired. He later dismissed the proceedings without prejudice on February 5, 1998, then allowed more than 14 months to elapse before again filing a post-conviction petition on April 20, 1999. The second petition was withdrawn on October 18, 1999, and a third post-conviction petition was later filed. Petitioner does not explain the reason for the delays nor does he present an argument for equitable tolling of the one-year limitations period.

      Indisputably, the instant petition is time-barred and shall be dismissed. An order follows.


Date: September 17, 2007                      /s/
                                                     Andre M. Davis
                                                     United States District Judge